**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
      chris@bendaulaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Mario Jimenez**, <br><br> Plaintiff, <br><br> vs. <br><br> **The Terrific Tree Trimmer, LLC**, an Arizona Limited Liability Company; **John Doe Corporation d/b/a Triple Crown Landscaping LLC**; and **Eric Behring and Jane Doe Behring**, a Married Couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Mario Jimenez ("Plaintiff" or "Mario Jimenez"), sues the Defendants, The Terrific Tree Trimmer, LLC; John Doe Corporation d/b/a Triple Crown Landscaping LLC; and Eric Behring and Jane Doe Behring ("Defendants" or "Triple Crown Landscaping") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.    This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant The Terrific Tree Trimmer, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant The Terrific Tree Trimmer, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     At all relevant times, Defendant The Terrific Tree Trimmer, LLC owned and operated as "Triple Crown Landscaping," a landscaping company doing business in Maricopa County, Arizona.

10.    Under the FLSA, Defendant The Terrific Tree Trimmer, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Terrific Tree Trimmer, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's

1   employment with Defendants.  As a person who acted in the interest of Triple Crown

2   Landscaping in relation to the company's employees, Defendant The Terrific Tree

3   Trimmer, LLC is subject to liability under the FLSA.

4
5        11.    At all material times, Defendant John Doe Corporation d/b/a Triple Crown

6   Landscaping LLC is the fictional name for the entity doing business as Triple Crown

7   Landscaping LLC and at all material times was a company duly licensed to transact

8   business in the State of Arizona.  At all material times, Defendant John Doe Corporation

9   d/b/a Triple Crown Landscaping LLC does business, has offices, and/or maintains agents

10  for the transaction of its customary business in Maricopa County, Arizona.

11
12       12.    Defendant John Doe Corporation d/b/a Triple Crown Landscaping LLC is

13  an Arizona company, authorized to do business in the State of Arizona and is at all

14  relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15
16       13.    Under the FLSA, Defendant John Doe Corporation d/b/a Triple Crown

17  Landscaping LLC is an employer.  The FLSA defines "employer" as any person who acts

18  directly or indirectly in the interest of an employer in relation to an employee.  At all

19  relevant times, Defendant John Doe Corporation d/b/a Triple Crown Landscaping LLC

20  had the authority to hire and fire employees, supervised and controlled work schedules or

21  the conditions of employment, determined the rate and method of payment, and

22  maintained employment records in connection with Plaintiff's employment with

23  Defendants.  As a person who acted in the interest of Defendants in relation to Triple

24  Crown Landscaping employees, Defendant John Doe Corporation d/b/a Triple Crown

25  Landscaping LLC is subject to liability under the FLSA.

26

27

14.     Defendants Eric Behring and Jane Doe Behring are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Eric Behring and Jane Doe Behring are owners of Triple Crown Landscaping and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendants Eric Behring and Jane Doe Behring are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Eric Behring and Jane Doe Behring had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Triple Crown Landscaping in relation to the company's employees, Defendants Eric Behring and Jane Doe Behring are subject to individual liability under the FLSA.

16.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17.     Defendants, and each of them, are sued in both their individual and corporate capacities.

18.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is,

Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a landscaping company in Maricopa County, Arizona.

19.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA.s

20.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

21.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

22.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

23.     Defendants, and each of them, are sued in both their individual and corporate capacities.

24.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

25.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

27.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

28.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

29.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

30.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

31.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35.     Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

36.     Defendants own and/or operate as Triple Crown Landscaping, an enterprise doing business in Maricopa County, Arizona.

37.     Defendants operate a landscaping company doing business in Maricopa County, Arizona.

38.     Plaintiff was hired by Defendants on or about August 2022 and worked a single shift during a single workweek.

39.     At all relevant times, Plaintiff worked for ten hours for Defendants for the duration of his employment with them.

40.     At all relevant times, in his work for Defendants, Plaintiff was a manual laborer.

41.     Defendants, in their sole discretion, agreed to pay Plaintiff a weekly rate of $800.

42.     Upon information and belief, Plaintiff worked approximately 12 hours in his sole workweek of employment with Defendant.

43.     Defendants failed to compensate Plaintiff any wage whatsoever for the hours he spent working for Defendants during the sole workweek of his employment with Defendant.

44.     On or about August 15, 2022 – Plaintiff's first day of work – Plaintiff injured himself while working for Defendants.

45.     After hurting himself, Plaintiff decided to seek redress via the Arizona Industrial Commission and the Arizona workers compensation statute.

46.     Plaintiff left his job on or about August 16, 2016.

47.     In response to Plaintiff's decision to seek redress for his injuries via the Arizona Industrial Commission and the Arizona workers compensation statute, Defendant Eric Behring declined to pay Plaintiff for the work he had performed.

48.     On or about August 26, 2022, Plaintiff sent a text message to Defendant Eric Behring, asking for the money he was owed for the worked he performed.

49.     Defendant Eric Behring never responded to that text message.

50.     Defendants never provided or mailed Plaintiff a check for the wages he earned.

51.     As a result of not having paid any wage whatsoever to Plaintiff during his sole workweek of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

52.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever his final week of work, Defendants violated 29 U.S.C. § 206(a).

53.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

54.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AWA, A.R.S., § 23-351.

55.     Plaintiff was a non-exempt employee.

56.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

57.     Plaintiff is a covered employee within the meaning of the FLSA.

58.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

59.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

61.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

62.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his sole workweek of employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

65.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

66.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mario Jimenez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his sole workweek of employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

69.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

70.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mario Jimenez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

73.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

74.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

75.     Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Mario Jimenez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.   For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.   Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 21st day of July, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-14-

## <u>VERIFICATION</u>

1

2  Plaintiff, Mario Jimenez, declares under penalty of perjury that he has read the

3  foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4  asserted therein are true and based on his personal knowledge, except as to those matters

5  stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8

Mario Jimenez (Oct 17, 2022 21:26 PDT)
_____
Mario Jimenez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27