**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Jimenez,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Terrific Tree Trimmer, LLC, et al.,<br><br>　　　　　　Defendants. | No. CV-22-01787-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Mario Jimenez's ("Plaintiff") Motion for Default Judgment (Doc. 12) against Defendants Terrific Tree Trimmer, LLC, ("Terrific Tree"), John Doe Corporation doing business as Triple Crown Landscaping, LLC, ("Triple Crown"), and Eric Behring and Jane Doe Behring (collectively "Defendants"). No response to the Motion has been filed. Having reviewed Plaintiff's Motion, the supporting documents, and the record in this matter, the Court will grant the Motion.

**I.    BACKGROUND**

On October 18, 2022, Plaintiff filed a Complaint against Defendants Terrific Tree, Triple Crown, Eric Behring, and Jane Doe Behring. (Doc. 1). The Complaint has three counts: (1) Failure to pay minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (2) Failure to pay minimum wage, in violation of the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363; and (3) Failure to pay wages due and owing, in violation of the Arizona Wage Act ("AWA"), A.R.S. § 23-350, *et seq.* (*See* Doc. 1 at 10–12).

Defendants were served on December 31, 2022, and the deadline to answer or otherwise respond to the Complaint was January 21, 2023. (Docs. 8, 9-1). Defendants failed to answer or respond to the Complaint and have not otherwise appeared in this action. On February 14, 2023, Plaintiff filed an Application for Entry of Default against Defendants pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a). (Doc. 9). On February 15, 2023, the Clerk of Court entered default as to Defendants. (Doc. 10). On April 13, 2023, Plaintiff filed a Motion for Default Judgment pursuant to FRCP 55(b)(2) requesting an entry of default judgment and relief—the Motion presently before this Court. (Doc. 12).

Plaintiff seeks $720 in liquidated damages and leave to file a motion for attorneys' fees and costs following the award of a default judgement. (*Id.* at 10). Plaintiff further seeks all amounts augmented by post-judgement interest pursuant to 28 U.S.C. § 1961, and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded. (*Id.*). Defendants have not responded to Plaintiff's Motion.

## II.     LEGAL STANDARD

FRCP 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b). In determining whether to grant a default judgment, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987) (citation and quotations omitted). Although a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Ent. Grp., Inc. v. Bryant*, No. CV 03-6381GAF(JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff. Fed. R. Civ. P. 55(b)(2).

///

## III. DISCUSSION

**A. Subject Matter Jurisdiction, Personal Jurisdiction, and Service of Process**

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, *i.e.*, the jurisdiction, to enter the judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* at *1 (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

First, as to subject-matter jurisdiction, this Court may exercise subject-matter jurisdiction because Plaintiff has stated a claim under the FLSA, which states that "[a]n action to recover the liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). As to Plaintiff's remaining state-law claims—failure to pay minimum wage, in violation of the AMWA and failure to pay wages due and owing, in violation of the AWA—this Court exercises its supplemental jurisdiction because the claims arise out of the same case or controversy, *i.e.*, Defendants' failure to pay wages. 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ."); *see also Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (citation and quotations omitted) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a

plaintiff would ordinarily be expected to try them in one judicial proceeding.").

Next, as to personal jurisdiction, this Court has personal jurisdiction over Defendants because Defendants are citizens of Arizona and because Defendants were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court lacks personal jurisdiction over defendant unless defendant properly served). According to the Complaint, Defendant Terrific Tree "was a limited liability company duly licensed to transact business in the State of Arizona" and "[a]t all material times, . . . does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona." (Doc. 1 at 3). Defendant Triple Crown "at all material times was a company duly licensed to transact business in the State of Arizona" [and] "has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona." (*Id.* at 4). Defendants Eric Behring and Jane Doe Behring are owners of Triple Crown and were at all relevant times Plaintiff's employers. (*Id.* at 5). With respect to service, Defendants were properly served the required documents on December 31, 2022, via alternative means. (Doc. 8 at 2). This Court finds that service in this case was proper under the relevant federal and state rules, which authorize service of limited liability companies and individuals within the district by alternative means. *See* Fed. R. Civ. P. 4(e), 4(h)(1)(A); *see also* Ariz. R. Civ. P. 4.1(k).

With preliminary considerations of jurisdiction and service of process out of the way, this Court turns to whether default judgment is appropriate.

**B. Default Judgment Analysis: *Eitel* Factors**

A court has the discretion to enter a default judgment after a defendant's default. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising this discretion, a court must consider the seven "*Eitel* factors": (1) the possibility of prejudice to the plaintiff; (2) the claim's merits; (3) the complaint's sufficiency; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due

4

to excusable neglect; and (7) the policy favoring decisions on the merits. *Id.* at 1471–72. In applying these factors, the Complaint's factual allegations, except those pertaining to the amount of damages, will be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### i. The First, Fifth, Sixth, and Seventh *Eitel* Factors

The first, fifth, sixth, and seventh factors weigh in favor of or are neutral about default judgment in cases in which the defendants have not participated in the litigation at all. *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020) (D. Ariz. Mar. 26, 2020) ("In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed.") Regarding the first factor, which considers the possibility of prejudice to the plaintiff, Plaintiff here will be left without recourse and would therefore suffer prejudice in the absence of default judgment. *Id.* As to the fifth factor, which considers the possibility of a dispute regarding material facts, Defendants' failure to participate means there is no dispute of material fact. *Id.* at *4. The sixth factor considers whether the default was due to excusable neglect. *Id.* Here, Defendants' failure to participate after being personally served does not indicate that default was due to excusable neglect. *Id.* Lastly, the seventh factor—which considers the policy favoring decisions on the merits—would typically weigh against an entry of default judgment. *Id.* However, this consideration is not dispositive, as default judgments exist to deal with wholly unresponsive parties. *Id.* Here, a decision on the merits is impossible, given that Defendants failed to appear.

In sum, the first, fifth, sixth, and seventh factors weigh in favor of default judgment.

### ii. The Second and Third *Eitel* Factors

The second and third *Eitel* factors consider the claim's merits and the complaint's sufficiency. *Eitel*, 782 F.2d at 1471. Courts frequently consider these to be the two most important factors. *Zekelman*, 2020 WL 1495210, at *5 (citing *Viet. Reform Party v. Viet Tan - Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)). These factors are

generally thought to require a plaintiff to state a claim on which he may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Taking Plaintiff's factual allegations as true, this Court finds that the Complaint sufficiently states a claim for relief against Defendants for a violation of the FLSA. Section 206 of the FLSA requires employers to pay a minimum wage to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). "To establish a minimum-wage . . . violation of the FLSA, Plaintiff must establish three elements: (1) [he] was an employee of Defendants; (2) [he] was covered under the FLSA; and (3) Defendants failed to pay [his] minimum wage." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing 29 U.S.C. §§ 206(a), 207(a)). As to the first element, Plaintiff alleges in the Complaint that he was an employee of Defendants as defined by the FLSA. (Doc. 1 at 6, 8). Plaintiff also meets the second element because he alleges the FLSA applies to Defendants and that he was a non-exempt employee. (*Id.* at 6, 9). Finally, as to the third element, Plaintiff alleges Defendants failed to pay him any wages for his shift, let alone the federally mandated minimum wage. (*Id.* at 9). Plaintiff submitted well-pled factual allegations—that Defendants failed to pay Plaintiff the mandated minimum wage for his shift—that, taken as true upon default, show Defendants violated the FLSA. (*Id.* at 7–11).

This Court also finds that Plaintiff's well-pled factual allegations—taken as true upon default—show Defendants violated the AMWA. To state a claim under the AMWA, the defendant must be an employer under the statute, the plaintiff must be a qualified employee of the defendant, and "the plaintiff must allege that [he] was not paid the applicable minimum wage for hours worked." *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363). Under this statute, an employer includes any corporation, limited liability company, or individuals "acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). In order to qualify as an employer, the corporation or

limited liability company must generate no less than $500,000 in gross annual revenue. *See* A.R.S. § 23-362(C) (defining "small business" as any corporation or limited liability company with less than $500,000 in gross annual revenue and noting that such small businesses are exempt from minimum wage requirement). This statute holds that an employee "means any person who is or was employed by an employer but does not include any person who is employed by a parent or a sibling, or who is employed performing babysitting services in the employer's home on a casual basis." A.R.S. § 23-362(A). According to Plaintiff's factual allegations, Defendants qualify as employers because they are limited liability companies or individuals "acting directly or indirectly in the interest of an employer in relation to an employee" and their enterprise had annual gross sales of at least $500,000. (Doc. 1 at 7). Plaintiff was an employee for purposes of the AMWA because he was an employee of Defendants and did not fall into any of the statute's exemptions. (*Id.*). As stated above, Plaintiff alleges he was not paid any wages, let alone the mandated minimum wage, for his shift. (*Id.* at 9). Plaintiff's well-pled factual allegations—which claim Defendants failed to pay Plaintiff the state-mandated minimum wage for his shift—taken as true, show Defendants violated the AMWA. (*Id.* at 7–10, 12–13).

Finally, this Court finds that Plaintiff adequately pled facts to establish AWA claims against Defendants Terrific Tree and Triple Crown, but that Plaintiff cannot establish claims against the other Defendants because they are not "employers" for purposes of AWA liability. The AWA defines employers as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350. This definition does not provide individual liability against owners or agents of a corporation or other business entity. *See Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021); *see also Channel v. Home Mortg., Inc.*, No. CV 03-00100-PHX-ROS, 2005 WL 8160525, at *14 (D. Ariz. Sept. 21, 2005). Indeed, Plaintiff's Motion for Default Judgment only seeks

judgment against Defendants Terrific Tree and Triple Crown on the AWA claim. (Doc. 12 at 9). To establish a violation of the AWA, a plaintiff "must prove that [d]efendants did not timely pay all wages due as required under the AWA." *Grabda v. IMS Acquisition LLC*, No. CV-20-00117-TUC-MSA, 2020 WL 5544366, at *2 (D. Ariz. Sept. 16, 2020) (citing A.R.S. § 23-351(A), (C)). Plaintiff alleges that for his only pay period of work, Defendants paid him no wages whatsoever. (Doc. 1 at 9, 13). Thus, with respect to Defendants Terrific Tree and Triple Crown, the Plaintiff's well-pled factual allegations—that Defendants failed to pay Plaintiff all wages due—show Defendants violated the AWA.

In sum, this Court finds that Plaintiff's Complaint alleges sufficient facts that, taken as true, show that all Defendants violated the FLSA and AMWA, and that Defendants Terrific Tree and Triple Crown violated the AWA. Therefore, the second and third *Eitel* factors support an entry of default judgment on all three Counts against their respective, appropriate defendants.

### iii. The Fourth *Eitel* Factor

This Court finds the amount of money at stake in this action does not weigh against default judgment. An entry of default judgment is discouraged when the sum of money at stake is substantial or unreasonable. *See Bd. of Trs. v. Core Concrete Constr., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012); *see also Eitel*, 782 F.2d at 1472 (sought relief of $3 million discouraged a default judgment). However, default judgment may be appropriate when the amount at stake is proportional to the defendants' misconduct, supported by evidence, or required by statute. *See Bd. of Trs.*, 2012 WL 380304, at *4.

Here, Plaintiff seeks a total of $720 in relief, exclusive of attorneys' fees. (Doc. 12 at 10). This Court does not find this amount to be so "substantial or unreasonable" as to discourage default judgment. Plaintiff was employed by Defendants for $20 per hour. (Doc. 1 at 8). Plaintiff asserts that Defendants failed to pay him for 12 hours of work. (*Id.* at 8). Thus, Plaintiff's requested amount accurately represents the amount of wages—

trebled, as prescribed by the AWA—that Defendants allegedly failed to pay Plaintiff, and this Court has no reason to believe that it is excessive. A.R.S. § 23-355(a). Moreover, Plaintiff supports the requested amount with evidence—that is, with his own sworn declaration. (*See* Doc. 12-1). All told, given the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds that the fourth factor weighs in favor of default judgment.

### C. Relief Sought

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560. Rather, a plaintiff "is required to prove all damages sought in the complaint." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (internal quotations omitted) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (quoting *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011)). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

Here, Plaintiff submitted a sworn declaration asserting that for his only pay period of 12 hours, Defendants failed to compensate Plaintiff altogether, let alone compensate him at his agreed-upon hourly rate of $20.00 per hour. (Doc 12-1 at 2–3). Based on these figures, Plaintiff asserts he is owed $240 total in unpaid minimum wages and other wages under the FLSA and Arizona laws. (*Id.*). Additionally, Plaintiff notes that he is entitled to double damages under the FLSA and treble damages under the AMWA and AWA. (*Id.*). Indeed, the FLSA provides for double damages when an employer violates 29 U.S.C. § 206. *See* 29 U.S.C. § 216(b). Likewise, the AMWA and AWA provide for treble damages when an employer fails to pay an employee the required minimum wage or other wages

9

due. A.R.S. §§ 23-364(G), -355(a). Using the highest treble-damages penalty, Plaintiff seeks statutory damages of $720.[1] (Doc. 12 at 7–9). Plaintiff's requested relief accurately calculates the damages he is statutorily entitled to and is supported by Plaintiff's declaration. Therefore, this Court finds it appropriate to award Plaintiff $720 in liquidated damages.

Additionally, Plaintiff intends to file a motion to recover his attorneys' fees and costs incurred in this action upon entry of a default judgment. (*Id.* at 10). The FLSA provides that a court shall allow reasonable attorneys' fees and costs to be paid by the defendant in unpaid minimum wages judgments awarded to a plaintiff. 29 U.S.C. § 216(b). This award is mandatory, but the amount of reasonable attorneys' fees to be granted is within the court's discretion. *Alzate v. Creative Man Painting LLC*, No. CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015). To the extent Plaintiff requests attorneys' fees in the motion for default judgment, the Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

**IV.   CONCLUSION**

Having reviewed Plaintiff's Motion and supporting documents in light of the *Eitel* factors, this Court concludes that the entry of default judgment is appropriate with respect to Counts One and Two against all Defendants and Count Three against Defendants Terrific Tree Trimmer, LLC, and Triple Crown Landscaping, LLC.

Accordingly,

///

///

///

///

---

[1] Plaintiff's Motion identifies the total unpaid wages award as $7,500. (*See* Doc. 12 at 9). This appears to be an error by Plaintiff, however, as this Court finds that $720 is the correct trebled amount.

**IT IS ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 12) is **granted**. Default judgment, pursuant to FRCP 55(b)(2), is entered in favor of Plaintiff on **Counts One** (FLSA violation claim) and **Two** (AMWA violation claim) against **all Defendants**. Default judgment is entered in favor of Plaintiff on **Count Three** (AWA violation claim) against Defendants Terrific Tree Trimmer, LLC, and John Doe Corporation, doing business as Triple Crown Landscaping, LLC.

2. That **Count Three** is **dismissed** to the extent it was brought against Defendants Eric Behring and Jane Doe Behring.

3. That Defendants shall pay, jointly and severally, **$460.80 in liquidated damages** pursuant to A.R.S. § 23-364.

4. That Defendants Terrific Tree Trimmer, LLC, and John Doe Corporation, doing business as Triple Crown Landscaping, LLC, shall pay, jointly and severally, **$259.20 in liquidated damages** pursuant to A.R.S. § 23-355.

5. That Plaintiff shall have until **no later than July 5**, **2023**, to file an application for attorneys' fees and costs. Plaintiff is advised that such application will be denied unless it fully complies with FRCP 54(d), LRCiv. 54.1, and LRCiv. 54.2.

6. That the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 21st day of June, 2023.

Honorable Steven P. Logan
United States District Judge