**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Jimenez, <br><br> Plaintiff, <br><br> vs. <br><br> Terrific Tree Trimmer, LLC, et al., <br><br> Defendants. | No. CV-22-01787-PHX-SPL <br><br> **ORDER** |

Before the Court is Plaintiff Mario Jimenez's ("Plaintiff") Motion for Award of Attorneys' Fees (Doc. 15). Defendants have not responded or otherwise appeared to defend this action, and the Default Judgment as to all Defendants was entered on June 23, 2023. (*See* Docs. 13–14). For the following reasons, the Court awards Plaintiff $7,148.25 in fees and costs associated with this action.

I. <u>**BACKGROUND**</u>

Plaintiff brought this claim against his former employer for failing to pay his wages. The Complaint charged three counts under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1 at 10–14). Because Defendants were properly served but did not answer, the Court granted Plaintiff's Motion for Default Judgment and awarded him a judgment totaling $720.00. (Doc. 13 at 11). Plaintiff now seeks an award of attorneys' fees and costs in the amount of $9,236.25. (Doc. 15 at 15).

///

## II.  DISCUSSION

The FLSA and AMWA each provide that a prevailing plaintiff "shall" be awarded reasonable attorneys' fees. 29 U.S.C. § 216(b); A.R.S. § 23-364(G). A party seeking an award of attorneys' fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). "The moving party must attach supporting documentation to any request for attorneys' fees, including (1) a statement of consultation, (2) a complete copy of any written fee agreement, (3) a task-based itemized statement of time expended and expenses incurred, and (4) an affidavit of moving counsel." *Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *2 (D. Ariz. May 26, 2021) (citing LRCiv 54.2(d)). Here, Plaintiff has properly attached documentation to support the request for attorneys' fees. Plaintiff is also eligible as the prevailing party because he obtained all requested relief. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The issue, then, is whether the requested fee is reasonable.

"[S]tatutory awards of attorneys' fees are subject to 'lodestar' calculation procedures . . . ." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). To determine the initial lodestar figure, Courts multiply "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court must also consider the additional factors that have not been subsumed within the initial lodestar calculation to determine whether the award is reasonable. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *1 (D. Ariz. July 12, 2022). These factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. "Those *Kerr* factors that are not subsumed [by the initial analysis] may support adjustments in rare cases, provided the district court states which factors it is relying on and explains its reasoning." *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 487 (9th Cir. 1988).

Plaintiff argues that $9,236.25 is reasonable as the product of 16.4 hours of work at an hourly rate of $395.00 per hour, plus $758.25 in out-of-pocket costs and an additional $2,000.00 in fees and costs for potential collection efforts. (Doc. 15 at 6).

### A. Attorneys' Fees

First, the Court must decide what a reasonable hourly rate and number of hours is in this case. Plaintiff's counsel Clifford Bendau asks the Court to award an hourly rate of $395.00. (*Id.*). He points to a range of rates that he has been awarded in various Courts. (Doc. 15 at 5). In the District of Arizona, Mr. Bendau has been awarded hourly rates ranging from $325.00 to $395.00. (*Id.*). In *Nichol*—a recent case nearly identical to the present case and in which the plaintiff also prevailed by default judgment—the Court rejected Mr. Bendau's requested rate of $378.75 and instead found a reasonable rate of $350.00 per hour. *Nichol v. On Point Solar Power LLC*, No. 2:22-cv-00031-SPL (D. Ariz. Aug. 3, 2022), ECF No. 20. The Court reasoned that the case was "a traditional FLSA case for back wages that did not pose novel issues and was resolved by default judgment." *Id.* at 3. Similarly, in *Verduzco*—another case in which the plaintiff prevailed by default judgment—the Court awarded Mr. Bendau an hourly rate of $350.00. *Verduzco*, 2022 WL 2718163, at *2 ("Given this matter's simplicity and the fact that Plaintiff quickly prevailed by default judgment, a reasonable rate is $350.00 per hour."). Plaintiff has also been awarded a rate of $350.00 per hour in a contested action. *McGlothin v. ASI Cap. Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *3 (D. Ariz. Mar. 8, 2021). Here, the Court finds an hourly rate of $350.00 is appropriate, as it is high enough to account for the attorney's experience and the undesirability of the case, but lower than Mr. Bendau's requested rate, in accordance with this Court's previous decisions. With the reduction in hourly rate, the Court reduces the attorneys' fees award from $6,478.00 to $5,740.00.

As to the reasonableness of the hours expended, the Court has reviewed the Itemization of Attorneys' Fees and Costs submitted as Exhibit G. (Doc. 15-7 at 1–3). The itemization reflects the date, description, and time entries for which Plaintiff now seeks attorneys' fees. Mr. Bendau reports that he spent 16.4 hours working on this case. (*Id.* at 3). He spent 2.3 hours on initial consultation and research and 11.0 hours on drafting the Complaint, service, calls to the client and Defendants, and applying for default judgment. (*Id.* at 2–3). He spent the remaining 3.1 hours on his motion for attorneys' fees. (*Id.* at 3).

In *Missouri v. Jenkins*, the Supreme Court noted that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them. . . . '[The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.'" 491 U.S. 274, 288 n.10 (1989) (quotation omitted). The Court has found seven entries to be improper administrative and clerical tasks: the entries from 10/17/22 described as "Send representation agreement" and "Receive representation agreement, set up file," the entry from 10/19/22 described as "Send documents to process server," the entres from 10/28/22, 11/3/22, and 11/17/22 described as "Communication with process server re status of service," and the entry from 12/30/22 described as "Send case documents to process server for posting." (Doc. 15-7 at 2). These entries describe clerical and administrative tasks, not legal work, and are therefore not compensable. These entries total 1.0 hour at the rate of $350.00 per hour. Thus, the Court reduces the fees awarded by $350.00.

The Court has reviewed the itemization of fees for vagueness, unnecessary internal conferences, and duplicative entries and has not found any more non-compensable entries. With the reduction in hourly rate and the subtraction of non-compensable entries, the attorneys' fees awarded total $5,390.00.

**B. Costs**

Plaintiff has attached documentation to support the costs for filing and service and is awarded the requested total of $758.25 (which includes a $402.00 complaint filing fee, $344.20 in service costs, and $12.00 in certified and first-class postage (*see* Docs. 15-7 at 3 & 8 at 8)). In addition, Plaintiff seeks $2,000.00 to be incurred in potential collection

efforts. (Doc. 15 at 6). Plaintiff asserts that this amount is reasonable because both Plaintiff and counsel will likely need to expend fees and additional costs to collect their award. (Doc. 15 at 13–15). Collection costs may be awarded if they are reasonable. *See Exp. Dev. Canada v. Patterson, Inc.*, No. 08-978-JO, 2008 WL 5205199, at *1 (D. Or. December 11, 2008) (finding the request for $5,000.00 to be excessive and awarding $2,000.00 for collection efforts); *see also Barbee v. DNSPWR2 LLC*, No. CV-20-08100-PCT-MTM, 2020 WL 6712308, at *2 (D. Ariz. November 16, 2020) (finding the requested $1,000.00 in collection costs is not unreasonable). In this case, an award of $1,000.00 for potential collection efforts is reasonable. Therefore, the Court awards Plaintiff $1,758.25 in costs.

### C. *Kerr* Factors

The Court will not make any further adjustments to the loadstar amount. The *Kerr* factors not explicitly addressed support the lodestar figure.

Accordingly, based on the Court's review of Plaintiff's request for fees and costs, the Court will award Plaintiff $7,148.25 in fees and costs.

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees (Doc. 15) is **granted as modified**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $5,390.00 in attorneys' fees and $1,758.25 in costs.

Dated this 11th day of July, 2023.

Honorable Steven P. Logan
United States District Judge